IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT J. MCCLELLAND                                                                       PLAINTIFF

v.                                          CIVIL NO. 08-5070

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 17, 2008, plaintiff filed a Motion for Interim Benefits and Preference upon Remand. (Doc. 20). This motion was referred to the undersigned on December 5, 2008.

**Procedural Background:**

Plaintiff filed for supplemental security income (SSI) benefits on January 7, 2005. (Doc. 20 p.3). Plaintiff's claim was initially denied on June 6, 2005, and again upon reconsideration on September 7, 2005. *Id*. Plaintiff filed a request for a hearing which took place on February 27, 2007. *Id*. The ALJ issued an unfavorable decision on June 1, 2007. *Id.* The Appeals Council denied review on January 19, 2008. *Id.*

Plaintiff filed a Complaint with this court on March 21, 2008. (Doc. 1). On March 31, 2008, this court granted plaintiff IFP status and directed him to serve defendant by certified mail. (Doc. 3). On the same date, Mr. Tim Tarvin, a licensed attorney in Arkansas, was added as plaintiff's attorney of record.

By Order dated July 10, 2008, the court noted the motion to appear *pro hac vice* dated July 1, 2008, but reminded plaintiff's counsel that he was still responsible for the representation of his client. (Doc. 5). On July 11, 2008, plaintiff's counsel filed a motion for an extension of

time to perfect service due to plaintiff's lack of finances. (Doc. 6). Due to plaintiff's IFP status, on July 14, 2008, the court directed service on defendant by the U.S. Marshal's Service. (Doc. 7). Summons was served on August 22, 2008, thereby making defendant's Answer due on or before October 21, 2008. (Doc. 11).

On October 3, 2008, defendant filed a Motion to Remand pursuant to sentence six of 42 U.S.C. 405(g). Defendant stated remand was warranted because plaintiff's claim file of the ALJ's decision dated June 1, 2007, and the recording of the hearing held on February 26, 2007, could not be located. On October 15, 2008, the undersigned recommended defendant's motion be granted. (Doc. 17).

On October 17, 2008, plaintiff filed a Motion for Interim Benefits and Preference upon Remand. (Doc. 20). On October 20, 2008, plaintiff filed an Objection to the Report and Recommendation. (Doc. 21). The Motion for Interim Benefits and Preference upon Remand was referred to the undersigned for disposition or recommendation on December 5, 2008.

By Order dated December 30, 2008, the undersigned directed defendant to file a response to plaintiff's Motion for Interim Benefits and Preference upon Remand. (Doc. 22). On January 20, 2009, defendant filed a response objecting to the Motion. (Doc. 23). Plaintiff filed a Reply to the Response on January 26, 2009. (Doc. 24).

**Discussion:**

Plaintiff alleges he is eligible to receive interim benefits because the Commissioner seeks remand of plaintiff's case from the district court level back to the Social Security Administration (hereinafter "Administration") as a result of the Administration's being unable to locate the record or transcript of the hearing. *Moser v. Heckler*, 587 F.Supp. 158 (S.D. South Dakota

AO72A
(Rev. 8/82)

1984); *LaBonne v. Heckler*, 574 F. Supp. 1016 (D. Minn 1983).  Defendant argues that the Appropriations Clause of the United States Constitution prohibits the awarding of interim benefits in plaintiff's case because the payment of such benefits is not authorized by statute.

We will first address whether the court has authority to grant interim benefits in plaintiff's case.  There is statutory authority allowing interim benefits to be granted to a claimant who has first been awarded benefits and then had those benefits subsequently terminated. 42 U.S.C. § 423(g).  However, there is no statutory authority for the court to award interim benefits in a case of a claimant who, like plaintiff, had his initial application for benefits denied (hereinafter referred to as an"original entitlement" case).  The court concludes that it has equitable power, in appropriate circumstances, to award interim benefits upon remand of an original entitlement to disability benefits case  *See generally Hoffman v. Apfel*, 122 F.Supp.2d 1001 (N.D. Iowa 2000)(discussing power of the court to award interim benefits of a claimant denied benefits upon initial application).  The decision to award interim benefits in an original entitlement case should be made on a case-by-case basis and should be considered an exception and not the rule when the Administration's actions warrant a remand.  *Id*.; *Saltares v. Bowen*, 711 F.Supp. 162, 165 (S.D. NY 1989).

We now look to what appropriate circumstances could require interim benefits being granted upon remand of an original entitlement case and if those circumstances exist in this case.  Factors used to weigh this question in other courts have been the likelihood of immediate harm to the claimant in the absence of interim benefits; the delays in the administrative process were "undue" and "unreasonable" and attributable to the Commissioner rather than the claimant; and

the likelihood of plaintiff's success at proving disability. *Hoffman v. Apfel*, 122 F. Supp. 162 at 1014-1017.

We will address each factor discussed above individually. After reviewing the facts of this particular case, the court finds plaintiff has not shown the likelihood of immediate harm in the absence of benefits. The court notes plaintiff was granted IFP status to proceed with his case at the district court level. *Saltares v. Bowen*, 711 F.Supp. 162 at 165 (financial straits cannot be the basis for awarding interim benefits). However, most of the plaintiff's in this district seeking review of the Administration's decision regarding a disability benefits application are granted IFP status. Should the court allow plaintiff to receive interim benefits for that reason alone, almost every time defendant sought remand prior to filing an Answer would result in the granting of interim benefits. This would in turn make the court's exception in granting a motion for interim benefits the rule.

Turning to delays in the administrative process as well as at the district court level, plaintiff contends he has been subject to undue and unreasonable delays, specifically almost four years, attributable to the defendant. Plaintiff acknowledges the necessity for the remand but argues remand is necessary solely because of defendant's failure to keep adequate records. The time period, at the administrative level, that elapsed between the filing of plaintiff's application for benefits on January 7, 2005, and the denial of review by the Appeals Council on January 19, 2008, is three years, twelve days. This time period, while lengthy, does not appear unreasonable given this court's experience in these matters.

The time period that has elapsed since the filing of plaintiff's complaint, March 21, 2008, through the date of defendant's motion to remand, October 3, 2008, is a little over six

months. However, the majority of the time for the delay at the district court level, roughly five months, was due to plaintiff's failure to serve defendant as directed by this court on March 31, 2008. The court notes plaintiff requested an additional ninety days to perfect service in July of 2008, nearly four months after filing his complaint which would have further delayed resolution of plaintiff's case.[1] Furthermore, unlike in *LaBonne* and *Moser*, defendant filed the Motion to Remand within the usual sixty day period allowed to file an Answer.

The court recognizes additional delay, attributable to defendant's loss of the hearing transcript, will occur while plaintiff's case on remand. As shown above delay in this particular case is attributable to both parties, more so on the part of defendant; however, the court does not find the delay caused by defendant to be so outrageous as to award interim benefits.

Finally, we will look to plaintiff's likelihood of success on remand. Plaintiff provided no facts to show why he has a reasonable chance of success upon remand.

The court recognizes that certain facts and circumstances would warrant granting interim benefits, however, the undersigned finds that the particular facts and circumstances of plaintiff's case do not warrant the granting of such benefits.

Plaintiff also request the court grant plaintiff preferential status while on remand to the administration. Defendant objects to this request, arguing the order would constitute an unwarranted judicial intrusion into a pervasively regulated area pursuant to *Heckler v. Day*, 467 U.S. 104 (1984). *Heckler*, however, addressed a court's ability to mandate the time by which the defendant would entertain requests for reconsideration or requests for an initial hearing before

---

[1] As noted above, due to plaintiff's status as a pauper the court directed the U.S. Marshal's Service to serve defendants. (Doc. 7).

an ALJ. *Id.* at 104; *See Lunan v. Apfel* 2000 WL 287988, 9 (N.D.N.Y. 2000). It thus is not binding upon the facts of the present case, where plaintiff has already passed through each of the steps at the administrative level and is now being asked to repeat some of them through no fault of his own. Without deciding whether a court may ever direct defendant to rehear a claimant's case within a specified time, this court concludes that such a deadline is not warranted in plaintiff's particular case.

**Conclusion:**

Based on the foregoing, we recommend DENYING plaintiff's Motion for Interim Benefits and Preference upon Remand. **The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of April 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)